[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2005
THOMAS K. KAHN
CLERK

No. 04-16433
Non-Argument Calendar

_____

D. C. Docket No. 04-00067-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES C. CARROLL,
a.k.a. Chase Carroll,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 13, 2005)**

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Charles C. Carroll appeals his sentence of 24 months' imprisonment

imposed after Carroll was convicted by a jury of conspiracy to possess

methamphetamine and attempting to possess methamphetamine and MDMA or

ecstacy. Carroll argues that the district court violated his Sixth Amendment right

to trial by jury because it departed upward from the Guideline range based on a

finding thgoat Carroll had distributed the drugs. We affirm.

## I. BACKGROUND

In a superseding indictment, Carroll was charged with Conspiracy to

Distribute and Possess With Intent to Distribute Methamphetamine, in violation of

21 U.S.C. section 841(a), (b)(1)(viii), and 846, and Possession With Intent to

Distribute Methamphetamine and MDMA or Ecstacy, in violation of 21 U.S.C.

sections 841(a), (b)(1)(B)(viii), 841(b)(1)(C), and 846. After a jury trial, Carroll

was convicted, not of the charges in the indictment but, of the lesser included

offenses of conspiracy to possess methamphetamine and attempting to possess

methamphetamine and MDMA or ecstacy.

The district court found that, although the jury had not convicted Carroll of

the charge of intent to distribute the drugs, Carroll had shared or distributed the

drugs. The district court, therefore, departed upward and sentenced Carroll to an

additional six months' imprisonment on each conviction. Carroll objected to the

enhancement, because the fact of distribution had not been found by the jury. The

2

district court noted the objection and stated, that in the event the Guidelines were invalidated, the sentence would be the same. The district court also expressly found that the term of imprisonment was sufficient punishment for the crime.

## II. STANDARD OF REVIEW

Carroll made a timely objection to the sentence enhancement in the district court. We review the sentence, therefore, de novo. United States v. Sanchez, 269 F.3d 1250, 1272 (11th Cir. 2002) (en banc). We will reverse the district court only if any error was harmful. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

## III. DISCUSSION

The district court enhanced Carroll's sentence based on facts not found by the jury when it departed upward based on a finding of distribution of drugs. Under United States v. Booker, 125 S. Ct. 738 (2005), a defendant's "Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.2005) (citing Booker, 125 S. Ct. at 749-56). Carroll's Sixth Amendment right to trial by jury was, therefore, violated, but we must disregard this error if it was harmless. Paz, 405 F.3d at 948.

3

A constitutional error, such as the error in this case, is "harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." United States v. Mathenia, No. 04-15250, slip. op. at 5 (11th Cir. May 23, 2005).  The government can meet its burden in this case.  The district court stated that it would impose the same sentence if the Guidelines were invalidated.  The error in sentencing, therefore, was harmless beyond a reasonable doubt.  Likewise, because the standard for harmless error for non-constitutional errors is less demanding, the statutory error of the district court in sentencing Carroll under a mandatory guidelines system is also harmless.

Carroll also argues that the district court was precluded from considering distribution of drugs as a sentence enhancement because he was acquitted of that conduct.  We have already rejected this argument.  United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005).

## IV.  CONCLUSION

Because the error of the district court in enhancing Carroll's sentence under a mandatory guidelines system was harmless beyond a reasonable doubt, and the district court did not err in considering distribution of the drugs as a sentencing factor, we

**AFFIRM.**

4